UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF MAGNOLIA FLEET,  CIVIL ACTION
LLC ET AL

NO:  16-12297

SECTION: "H" (4)

ORDER

Before the Court is a **Motion to Fix Attorneys' Fees (R. Doc. 58)** filed by the Carla Guileyardo ("Guileyardo"), seeking an order from the Court to fix the attorneys' fees in the amount of $2,300.00. The motion is opposed. R. Doc. 62. The motion was submitted on July 12, 2017.

I.  **Background**

On June 16, 2017, the Court granted the Guileyardo's Motion to Compel finding in part that she was entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5). R. Doc. 54. As part of that order, the Court ordered that the Guileyardo file a motion to fix attorney's fees and costs. *Id.* Guileyardo thereafter filed the subject motion on June 22, 2017 requesting $2,300.00 in attorneys' fees. R. Doc. 58, p. 1. The Magnolia Fleet, LLC have opposed the motion arguing that neither the hourly rate nor the hours charged are reasonable. R. Doc. 62.

II.  **Standard of Review**

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors

delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

### III.    Reasonable Hourly Rate

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

*prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Guileyardo has requested an hourly rate of $400 for both Marc Frischhertz and Dominic Impastato. R. Doc. 58-2, p. 1. While Frischhertz has provided an affidavit attesting that he is approaching thirteen years of experience, Impastato has provided no information about how many years of experience he has despite this Court's order to provide "an affidavit attesting to its attorney's education." R. Doc. 58-3. Nonetheless, from the Court's research, Impastato appears to have similar experience after being admitted to the Louisiana Bar in 2004.

Based on the foregoing, the Court does not find that $400 is a reasonable hourly rate. Rather, the more appropriate rate for both Frischhertz and Impastato is $325. *See Warder v. Shaw Group, Inc.*, No. 2016 WL 3447950 (E.D. La. June 23, 2016) (collecting cases) (finding $325.00 to be an appropriate rate for partner with 14 years of experience); *EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience).

### IV.   Hours Reasonably Spent on Litigation

Next, the court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir.

3

2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

When the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel, the reasonable hours are further limited to only those hours directly connected to the motion to compel. *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 U.S. Dist. LEXIS 1936 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

Here, the Guileyardo has provided a billing statement demonstrating that Frischhertz expended 3.75 hours on the instant motion and Impastato has expended 2 hours. R. Doc. 58-2 As an initial matter, it is not apparent that Guileyardo counsel has exercised any billing judgment as they have not indicated that any hours were reduced. As such, the Court has conducted a line-by-line examination of the billing statement. *See Green*, 284 at 662. While the Court finds that the hours expended by Frischhertz to be reasonable, the Court finds it more difficult to assess the reasonableness of Impastato's billed-hours.

The sole entry for Impastato is "[p]reparation for and appearance at oral argument on Motion to Compel including travel time and court appareance" on June 14, 2017 for a total of 2 hours. R. Doc. 58-2, p. 1. While brief, this strikes the Court as impermissible block-billing. Block Billing is "time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009) (citing *Robinson v.*

4

*City of Edmond*, 160 F.3d 1275, 1283, n. 9 (10th Cir.1998)). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Id.* When presented with such block billing before, this Court has found a reduction in the amount of hours awarded to be appropriate. *See High-Tec Elc., Inc. of Delaware v. T&B Constr. & Elec. Serv., Inc.*, 2016 WL 3952089 at *3 (E.D. La. July, 22 2016) (Roby, M. J.) (reduction of 20%); *Harris v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D. La. Jan. 12, 2009) (Roby, M. J.) (reduction of 25% ); *Canon U.S.A., Inc.*, 2009 WL 35334, at *5 (Roby, M. J.) (reduction of 25%); *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D. La. 2008) (Roby, M. J.).

In addition to the problems with block-billed entry, Impastato has also apparently included travel time, which should have been billed at a reduced rate. "[A]ttorney travel time is typically compensated at 50% of the reasonable hourly rate." *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *4 (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993)). Given these problems with the billing entry, the Court will reduce the hours billed by Impastato by 40%. As such, the Court finds that the number of hours reasonably expended are 3.75 hours by Frischhertz and 1.2 hours by Impastato.

**V.**     *Lodestar* **Calculation**

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

| Attorney | **Reasonable Hourly Rate** | **Reasonable Hours Expended** | *Lodestar* **Amount** |
|---|---|---|---|
| Marc Frischhertz | $325.00 | 3.75 | $1,218.75 |
| Dominic Impastato | $325.00 | 1.20 | $390.00 |
| | | **Total:** | **$1,608.75** |

The total *Lodestar* amount then is **$1,608.75**.

## VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VII. Conclusion

Accordingly,

**IT IS ORDERED** that Carla Guileyardo's **Motion to Fix Attorney's Fees (R. Doc. 58)** is **GRANTED**. Guileyardo is awarded reasonable attorney's fees and expenses in the amount of **$1,608.75.**

**IT IS FURTHER ORDERED** that the Magnolia Fleet shall satisfy its obligation to Guileyardo no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 13th day of July 2017.

                                          **KAREN WELLS ROBY**
                                  **UNITED STATES MAGISTRATE JUDGE**