UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE MAGNOLIA FLEET**

CIVIL ACTION

NO: 16-12297

SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is Limitation Petitioners' Motion for Summary Judgment on all claims by Carl Swafford (Doc. 93). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This action arises out of an incident on December 30, 2015 in which the M/V PINTAIL capsized, allegedly causing the death of James D. Swafford. On June 30, 2016, Magnolia Fleet, L.L.C., as Owner, and River Construction, Inc., as Operator, of the M/V PINTAIL (collectively, "Petitioners") filed a Complaint for Exoneration or Limitation of Liability. On July 12, 2016, this Court issued a stay of the prosecution of any proceedings outside of the limitation action.

1

Claimants Carla Guileyardo, Jeffrey Jenkins, American Longshore Mutual Association, Ltd., and Carl Swafford answered with claims in this matter.

In the instant Motion, Petitioners seek dismissal of all claims by Carl Swafford ("Swafford"), the decedent's father. Swafford has brought claims for loss of future earnings, mental and emotional pain and suffering, loss of consortium, loss of love and affection, punitive damages, and pecuniary damages. Petitioners allege that Swafford cannot recover any of these damages, and therefore his claims must be dismissed.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

**A. Survival Damages**

Petitioners first seek dismissal of Swafford's claim for survival damages. Damages for the decedent's pre-death pain and suffering are "recoverable as survival damages to the decedent's estate under both the Jones Act and general maritime law."[9] Under both the Jones Act and general maritime law, however, "only the personal representative of a decedent's estate has standing to sue for

---

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] Neal v. Barisich, Inc., 707 F. Supp. 862, 867 (E.D. La. 1989), aff'd, 889 F.2d 273 (5th Cir. 1989).

3

survival damages."[10] It is undisputed that Swafford is not the representative of the decedent's estate.[11] He therefore does not have standing to recover survival damages, and those claims are dismissed.

**B. Wrongful Death**

Next, Petitioners seek dismissal of Swafford's claim for wrongful death damages. It is well settled that a parent of a Jones Act seaman killed in service of a vessel can only recover wrongful death damages if the seaman is not survived by a child or spouse.[12] Here, the decedent is survived by a child. Accordingly, Swafford is not entitled to wrongful death damages under the Jones Act, and those claims are dismissed.

**C. Non-Pecuniary Damages**

Swafford next seeks recovery of non-pecuniary damages, including loss of consortium, loss of love and affection, and punitive damages. The Fifth Circuit has clearly held, however, that damages under the Jones Act and general maritime law are limited to pecuniary losses.[13] Claimant Swafford has given this Court no reason to question the application of this well-settled rule. Accordingly, Swafford's claims for non-pecuniary damages are dismissed.

---

[10] In re Sanco Holding AS, 548 F. Supp. 2d 390, 395 (S.D. Tex. 2008); *see* Ivy v. Sec. Barge Lines, Inc., 585 F.2d 732 (5th Cir. 1978), on reh'g, 606 F.2d 524 (5th Cir. 1979).

[11] Claimant Carla Guileyardo is the representative of decedent's estate.

[12] 45 U.S.C. § 51; Sistrunk v. Circle Bar Drilling Co., 770 F.2d 455, 456 (5th Cir. 1985) ("The Jones Act, 46 U.S.C. § 688 (1982), is not available, because parents can recover only when the seaman is not survived by a spouse or children.").

[13] McBride v. Estis Well Serv., L.L.C., 768 F.3d 382, 391 (5th Cir. 2014) ("[I]n a wrongful death case under the Jones Act and the general maritime law, [the Supreme Court] has limited the survivor's recovery to pecuniary losses."); Melancon v. Gaubert Oil Co., Inc., No. CV 17-2905, 2017 WL 3438346, at *3 (E.D. La. Aug. 10, 2017) (and cases cited therein).

**D. Pecuniary Damages**

Next, Petitioners argue that Swafford cannot prove his claim for pecuniary damages. Petitioners do not dispute that Swafford is entitled to assert a claim for pecuniary damages arising out of the death of his son. Certainly, under both general maritime law and the Jones Act, survivors are entitled to recover "pecuniary damages for loss of support and for loss of household services."[14] Petitioners, however, submit evidence showing that Swafford did not receive any support or household services from his son prior to his death. Swafford has failed to prove otherwise. Indeed, in response to this motion Swafford attaches only an unsworn, unauthenticated, hearsay document entitled "Proof of Loses" in which he lists, without evidentiary support, the monthly expenses that he alleges the decedent paid prior to his death. Such inadmissible evidence is insufficient to create a material issue of fact. Accordingly, Petitioners are entitled to summary judgment on Swafford's claim for pecuniary damages.

**E. Maintenance and Cure**

Finally, Swafford's opposition suggests that he is entitled to punitive damages for Petitioners' failure to pay maintenance and cure. The remedy of maintenance and cure entitles an injured or sick seaman to payment of his medical expenses and a per-diem living allowance.[15] Swafford is not a seaman and is not entitled to maintenance and cure benefits. In addition, it is undisputed that Swafford's son perished very soon after the accident, and therefore he too was not entitled to maintenance and cure benefits.

---

[14] *Neal*, 707 F. Supp. at 868.
[15] Gaspard v. Taylor Diving & Salvage Co., 649 F.2d 372, 375 (5th Cir. 1981).

Accordingly, punitive damages for the failure to pay maintenance and cure are not at issue here.

Petitioners have shown that Swafford is not entitled to the recovery of damages for the death of his son, James Swafford. Swafford has failed to create a material issue of fact as to any of his claims.

## **CONCLUSION**

For the foregoing reasons, the claims by Claimant Carl Swafford are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 12th day of October, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**