# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**IN RE MAGNOLIA FLEET**

CIVIL ACTION

NO: 16-12297

SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is Claimant Carl Swafford's Motion for Reconsideration (Doc. 145). For the following reasons, the Motion is DENIED.

## BACKGROUND

This action arises out of an incident on December 30, 2015 in which the M/V PINTAIL capsized, allegedly causing the death of James D. Swafford. On June 30, 2016, Magnolia Fleet, L.L.C., as owner, and River Construction, Inc., as operator, of the M/V PINTAIL (collectively, "Petitioners") filed a Complaint for Exoneration or Limitation of Liability. On July 12, 2016, this Court issued a stay of the prosecution of any proceedings outside of the limitation action. Claimants Carla Guileyardo, Jeffrey Jenkins, American Longshore Mutual Association, Ltd., and Carl Swafford answered with claims in this matter.

On October 13, 2017, this Court granted Petitioners' request for dismissal of all claims by Carl Swafford ("Swafford"), the decedent's father. This Court held that Swafford was not entitled to recover survival, wrongful death, or non-pecuniary damages. In addition, the Court held that Swafford had failed to create a genuine issue of material fact regarding his entitlement to pecuniary damages.

In the instant motion, Swafford moves for reconsideration of this Court's dismissal of his claim for pecuniary damages, alleging it was erroneous and manifestly unjust.

## **LEGAL STANDARD**

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[1] "'[T]he power to reconsider or modify interlocutory rulings is committed to the

---

[1] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

2

discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders."[2]

## **LAW AND ANALYSIS**

Claimant argues that this Court erred in dismissing his claim for pecuniary damages. In doing so, he submits additional evidence not previously before this Court, which he claims creates a material issue of fact as to his entitlement to pecuniary damages.

Under both general maritime law and the Jones Act, survivors are entitled to recover "pecuniary damages for loss of support and for loss of household services."[3] Accordingly, Claimant may recover for the support and services of the decedent if he can show actual financial dependence or the anticipation of future support or services to be rendered to him by the decedent.[4]

In initially dismissing Claimant's claim for pecuniary damages, the Court stated that:

> Petitioners submit evidence showing that Swafford did not receive any support or household services from his son prior to his death. Swafford has failed to prove otherwise. Indeed, in response to this motion Swafford attaches only an unsworn, unauthenticated, hearsay document entitled "Proof of Loses" in which he lists, without evidentiary support, the monthly expenses that he alleges

---

[2] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. App'x. 829, 831–32 (4th Cir. 2011).

[3] Neal v. Barisich, Inc., 707 F. Supp. 862, 869 (E.D. La.), aff'd, 889 F.2d 273 (5th Cir. 1989).

[4] In re Omega Protein, Inc., No. 1:09-640, 2010 WL 5141775, at *2 (S.D. Miss. Dec. 13, 2010).

the decedent paid prior to his death. Such inadmissible evidence is insufficient to create a material issue of fact.[5]

Claimant now asks this Court to reconsider its holding and submits an affidavit in which he swears to the same amounts previously outlined in the "Proof of Loses" document and portions of his deposition testimony in which he discussed living with the decedent and sharing bills. Claimant offers no credible explanation, however, as to why this evidence was not submitted with his opposition to Petitioners' Motion for Summary Judgment. Claimant's own exhibit shows that his deposition was taken on March 8, 2017.[6] Certainly, he had ample time to receive and review the transcript of his deposition in preparation for the opposition due September 26, 2017. In addition, Claimant does not explain why he waited until now, on the eve of trial, after all of his claims have been dismissed with prejudice, to prepare an affidavit. Claimant has given this Court no good cause to consider these late filed exhibits.

Even so, Claimant's new found evidence is insufficient to create a material issue of fact. Claimant has not submitted any evidence of his financial reliance on his son besides his own self-serving testimony. The amounts outlined in Claimant's affidavit are wholly conclusory and appear to this Court to have been plucked from thin air. "[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient" to support a motion for summary judgment.[7] Claimant offers no bills, check stubs, account statements, invoices or other documents to prove his

---

[5] Doc. 136.
[6] Doc. 145-3.
[7] Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir. 1985).

4

living expenses and the amount to which the decedent contributed to those expenses. Accordingly, Claimant has again failed to create a material issue of fact regarding his entitlement to pecuniary damages.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 17th day of November, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**